IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 30 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

**DUSTIN BOYKIN**  **PLAINTIFF**

V.  CIVIL ACTION NO. 1:23cv345 TBM-RPM

**KINSALE INSURANCE COMPANY**  **DEFENDANT**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, Kinsale Insurance Company ("Kinsale"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Southern District of Mississippi, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its removal, Kinsale respectfully avers as follows:

## BACKGROUND

1. On or about October 3, 2023, Plaintiff filed a Complaint titled "*Dustin Boykin v. Kinsale Insurance Company*" in the Circuit Court of Stone County, Mississippi, bearing Civil Action No. 66CI1:23-cv-001489. *See* State Court Record, attached as Exhibit "A." Kinsale was served with a copy of the Summons and Complaint on November 1, 2023.

2. Plaintiff has asserted claims for breach of contract and bad faith arising out of an insurance policy issued by Kinsale to Plaintiff. *See* Complaint at ¶¶ 26-37, Exhibit "A." Plaintiff alleges that, following Hurricane Zeta, Kinsale failed to comply with the terms of the insurance policy issued to Plaintiff. *Id.* at ¶ 15.

## DIVERSITY OF CITIZENSHIP

3. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter based upon complete diversity of citizenship among the Plaintiff and Kinsale.

4.      As set forth in the Complaint, Plaintiff is an individual resident of the State of Mississippi and is domiciled in Perkinston, Stone County, Mississippi. *Id.* at ¶1.

5.      For purposes of diversity jurisdiction, the citizenship of a corporation is determined by both the state where the corporation is incorporated and the state where the corporation maintains its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010)("Term "principal place of business" in Federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center;" in practice it should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings, for example, attended by directors and officers who have traveled there for the occasion.").

6.      Kinsale is a corporation organized under the laws of the State of Arkansas with its principal place of business in the Commonwealth of Virginia.[1]

7.      Accordingly, there is complete diversity amongst the parties.

**AMOUNT IN CONTROVERSY**

8.      The Complaint does not provide a specific dollar amount demanded by Plaintiff as is permitted by state court practice. Despite this, a cause of action may be removed if defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1446(c)(2)(B). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000.00 in sum or value, or by setting

---

[1] The Complaint incorrectly asserts that Kinsale is domiciled in the State of Virginia. This error does not have an effect on diversity jurisdiction.

forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000).

9. The Complaint asserts claims for breach of contract and bad faith against Kinsale as follows. *See* Complaint, at ¶¶ 29-40, Exhibit "A." Specifically, the Complaint alleges that, on or about October 28, 2020, Hurricane Zeta caused damage to Plaintiff's residence. *Id.* at ¶¶ 7-8. Plaintiff asserts that Kinsale failed to properly adjust Plaintiff's claim. *Id.* at ¶¶ 10-18.

10. The Complaint alleges that Plaintiff is entitled to the following damages: diminution of the value of the property; actual repair costs; reimbursement for personal repairs at the property; actual costs related to personal property manipulation, cleaning, repair, and/or replacement; additional living expenses; mental anguish; and attorney's fees, other professional fees, and litigation costs. *Id.* at ¶ 40. In addition, as Plaintiff has asserted a claim for bad faith, Plaintiff is seeking punitive damages. *Mutual Life Ins. Co. of New York v. Estate of Wesson*, 517 So. 2d 521, 531-32 (Miss. 1987) (holding punitive damages are the proper damages in bad faith claims). Accordingly, the amount in controversy has been satisfied based on the amount Plaintiff is asserting in medical expenses and his specific demand. Based on the foregoing, the amount in controversy in this matter exceeds the threshold amount of $75,000.00 set forth in 28 U.S.C. § 1332 (a).

## REMOVAL IS PROPER

11. The Complaint in this matter was filed on or about October 3, 2023. *See* Exhibit "A," Complaint. Kinsale was served with process on November 1, 2023.

12. Accordingly, Kinsale's removal is timely as it removed this matter within thirty (30) days of receipt of this document and within one (1) year of the commencement of this action pursuant to 28 U.S.C. § 1446(b)&(c).

13. The United States District Court for the Southern District of Mississippi, Southern Division, is the federal judicial district embracing the Circuit Court of Stone County, Mississippi, where suit was originally filed. Venue is therefore proper in this district pursuant to 28 U.S.C. § 1441(a).

14. Since there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332, and accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

15. Kinsale has good and sufficient defenses to the Plaintiff's claims for relief and disputes all rights to the relief prayed for in Plaintiff's Complaint.

WHEREFORE, Defendant, Kinsale Insurance Company, prays that the above entitled cause on the docket of the Circuit Court of Stone County, Mississippi, be removed from that court to the docket of the United States District Court for the Southern District of Mississippi, Southern Division, and for trial by jury.

RESPECTFULLY SUBMITTED, this the 30th day of November, 2023.

/s/ B. Lyle Robinson
B. Lyle Robinson (MSB#: 100015)
TAYLOR, WELLONS, POLITZ & DUHE, LLC
100 Webster Circle, Suite 104
Madison, Mississippi 39110
Telephone: 769-300-2988
Facsimile: 769-300-2145
Email: lrobinson@twpdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of the above and foregoing pleading via ECF, which notifies the following counsel of record:

Jason C. Webster
Webster Vicknair MacLeod
6200 Savoy Drive, Suite 150
Houston, Texas 77036
filing@thewebsterlawfirm.com

This, the 30th day of November, 2023.

/s/ B. Lyle Robinson
B. Lyle Robinson